[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
The first assignment of error, which alleges that defendant-appellant Herb Felton was denied the effective assistance of counsel, is overruled because Felton has not demonstrated that his trial counsel's performance was deficient or that he was prejudiced by counsel's performance. See Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; State v.Slaughter (Apr. 28, 2000), Hamilton App. No. C-980702, unreported.
The second assignment of error, alleging that Felton's conviction for felonious assault was against the manifest weight of the evidence, is overruled. The weight to be given the evidence and the credibility of the witnesses are for the trier of fact. See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. Following a review of the record, we hold that the jury did not lose its way and create a manifest miscarriage of justice. See State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541; State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717.
The third assignment of error, which alleges that the trial court erred in sentencing Felton to more than the minimum sentence without making the appropriate findings, is overruled.
The trial court stated that imposing the minimum sentence would demean the seriousness of the offense and would not adequately protect the public. (T.p. 393.) The court also marked those same findings on the sentencing worksheet.
 R.C. 2929.14(B) does not require that the trial court give reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence.
State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131,133.
We have reviewed the record, and we hold that it supports the sentence imposed by the trial court.
The fourth assignment of error is overruled because the trial court gave the jury instruction that Felton requested.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and WINKLER, JJ.